| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |   |
|---|---|---|
| TODD ALTSCHUL | § § § | |
| Movant, | § § | |
| versus | § § | CIVIL ACTION NO. 1:04-CV-741 |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § | |

### MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Todd Altschul, a federal prisoner, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that the above-styled motion to vacate sentence should be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes movant's objections are without merit.

In his motion to vacate sentence, movant contends appellate counsel was ineffective for failing to raise on appeal the issue that movant was indicted for assault on a federal officer pursuant to 18 U.S.C. § 111(b)[1] but was sentenced under U.S.S.G. § 2A2.4 which does not take into account bodily injury to federal officers. As determined on direct appeal, the district court sentenced movant as a career offender, and the proposed § 2A2.4 enhancement had no bearing on

---

[1] Neither the Indictment nor First Superceding Indictment specifies a subsection of Title 18 U.S.C. § 111 as movant claims.

his sentence. *United States v. Altschul*, #04-40284 (5th Cir. Nov. 8, 2004) (unpublished).

Movant also contends he should not have been designated a career offender based on two cases decided by the Fifth Circuit Court of Appeals after he was convicted and sentenced. Specifically, the movant claims it was error to use his prior conviction for retaliation when determining whether he was a career offender.[2] Movant relies on *United States v. Montgomery*, 402 F.3d 482 (5th Cir. 2005). Additionally, the movant contends that his prior conviction for aggravated assault - habitual should not have been used when determining his career offender status. In this instance, the movant relies on *United States v. Fierro-Reyna*, 466 F.3d 324 (5th Cir. 2006).

Movant first contends his retaliation conviction should not be counted when determining his career offender status. In *United States v. Montgomery*, the Fifth Circuit ruled that the Texas retaliation statute does not qualify as a "violent felony" under 18 U.S.C. § 924(e). *See Montgomery*, 402 F.3d at 489. "The guidelines definition of 'crime of violence' found in § 4B1.2

---

[2] A defendant is a career offender and subject to an enhanced sentence under the Guidelines if:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a)(1)-(2). The commentary to § 4B1.2 further explains that:

"Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2, cmt. n.1.

is also viewed as interchangeable with the statutory definition of 'violent felony' found in 18 U.S.C. § 924(e)." *United States v. Smith*, 422 F.3d 715, 721 (8th Cir. 2005). It is not necessary to determine whether this decision applies retroactively on collateral review, however, because movant has two qualifying convictions remaining.

Movant contends the conviction for aggravated assault - habitual should not count as a crime of violence for purposes of the career offender determination because of the recent Fifth Circuit case *United States v. Fierro-Reyna*, 466 F.3d 324 (5th Cir. 2006). In *Fierro-Reyna,* the Fifth Circuit ruled that a 1979 Texas conviction for aggravated assault of a police officer did not qualify as a "crime of violence" for enhancement purposes under § 2L1.2(b)(1). *Fierro-Reyna*, 466 F.3d at 329-30.

Assuming, *arguendo*, that the case applies retroactively to a case on collateral review, movant's motion to vacate still lacks merit. The guidelines at issue in this case, § 4B1.2, define "crime of violence" specifically to include "aggravated assault;" therefore, the underlying facts need not be considered. *United States v. Guerra*, 962 F.2d 484, 485-86 & n.4 (5th Cir. 1992) (relying on application note defining "crime of violence"); *United States v. Santillana*, 82 Fed. Appx. 402 (5th Cir. 2003).

Further, *Fierra-Reyna* involved a separate Sentencing Guideline from the one at issue in this case, namely, § 2L1.2(b)(1)(A) pertaining to the crime of illegal reentry after deportation. *See Fierra-Reyna*, 466 F.3d at 325. Section 4B1.2 "defines 'crime of violence' in materially different terms than § 2L1.2." *United States v. Beltran-Munguia*, 489 F.3d 1042, 1049 (9th Cir. 2007). Because § 4B1.2 contains the "serious potential risk of physical injury" catchall provision not applicable to § 2L1.2(b)(1)(A), a case interpreting § 2L1.2 does not control the outcome of a case interpreting § 4B1.2. *See id.* Accordingly, movant has two valid prior convictions for a crime of violence. Thus, the enhancement for being a career offender was proper.

Furthermore, the movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues

a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

## ORDER

Accordingly, the movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 17th day of March, 2008.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE